James E. Shapiro, Esq.
Nevada Bar No. 7907
Sheldon A. Herbert, Esq.
Nevada Bar No. 5988
SMITH & SHAPIRO, PLLC
3333 E. Serene Ave., Suite 130
Henderson, Nevada 89074
(702) 318-5033
*Attorneys for SURE STEEL, INC.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SURE STEEL, INC., a Utah corporation,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JACOBS FIELD SERVICES NORTH AMERICA, INC., a Texas corporation; DOES 1-10, and ROE Entities 1-10, inclusive,<br><br>　　　　　　Defendants. | CASE NO.:　2:19-cv-00021-MMD-CWH |

## STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

COME NOW Plaintiff SURE STEEL, INC., a Utah corporation ("***Sure Steel***"), by and through its attorneys, SMITH & SHAPIRO, PLLC; and Defendant JACOBS FIELD SERVICES NORTH AMERICA, INC., a Texas corporation ("***Jacobs***"), by and through its attorneys, KOELLER NEBEKER CARLSON & HALUCK, LLP; (each of the foregoing shall be individually referred to as a "***Party***" and collectively as the "***Parties***"); and hereby stipulate and agree as follows:

WHEREAS, the Parties desire to produce certain documents or other materials which may contain proprietary and/or confidential information;

WHEREAS, the Parties could suffer great and irreparable harm should any other Party and/or the general public have access to, read or learn of the trade secrets, proprietary information, and/or confidential information produced in the present action, unless protective orders are entered strictly circumscribing the disclosure and use of such information;

\ \ \

\ \ \

WHEREAS, this Court has authority pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Civ. P. 45(c) to enter appropriate protective orders with respect to a disclosing Party's confidential information:

NOW THEREFORE, IT IS HEREBY STIPULATED by the Parties, by and through their respective attorneys of record, that the following terms shall apply with respect to confidential information produced in this action (the "***Protective Order***"):

1. **Scope.** All documents or other materials (electronic or otherwise) and all information produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony, transcripts and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "***Information***") that a Party designates as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" pursuant to the terms hereof (collectively "***Confidential Information***"), shall be subject to this Protective Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings, this Protective Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Protective Order is also subject to, and the Parties shall comply with, Local Rule LR IA 10-5 of the United States District Court for the District of Nevada governing sealing and redacting court records and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation**. A Party that produces Information in this action and that has a good faith and reasonable basis for claiming that such Information should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, financial information, or such other sensitive commercial information that is not publicly available may designate and label such Information as "**CONFIDENTIAL**" on the Confidential Information in a manner that will not interfere with the legibility of the document. Any Party that produces Information and has a reasonable basis for claiming that such Information would not be sufficiently protected as "CONFIDENTIAL" (by way of example only, trade secrets, or other sensitive commercial or financial information that would

provide a competitive advantage to the opposing party or any competitor) may designate such Information as "**CONFIDENTIAL – ATTORNEY'S EYES ONLY**." The designation "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" does not mean that the Information has any status or protection by statute or otherwise except to the extent and for the purposes of this Protective Order. Public records and other information or documents that are publicly available may not be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY".

**(a)** For documents, materials, or other written Information, a Party shall designate such Information as Confidential Information by conspicuously stamping or otherwise labeling each page or item containing confidential information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" prior to the production of the documents, materials or other written Information.

**(b)** For interrogatories, designation shall be made by placing the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" on any page(s) of any answer deemed to contain such confidential information, indicating the portion of such page that contains such Confidential Information. Alternatively, answers deemed to contain Confidential Information may be bound separately and marked with the appropriate legend.

**(c)** For testimony, a Party shall designate such Information as Confidential Information on the record or within 30 days after receipt of the official transcript by providing all other Parties written notice of the specific pages and lines of the transcript which contain Confidential Information. Until the 30 day period has expired, the entire transcript shall be considered "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY".

**(d)** A Party's inadvertent or unintentional failure to designate Information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall not be deemed a waiver in whole or in part of that Party's claim of confidentiality if the disclosing Party takes prompt action after discovering such omission to notify all Parties in writing that

such Information constitutes Confidential Information. However, the Party who received that Information without knowledge of its confidential nature may not be held in violation of this Protective Order for using or disclosing that Information before notification of the inadvertent or unintentional failure to designate that Information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY".

**(e)** In the event a disclosing Party elects to produce documents for inspection and the receiving Party desires to inspect them before designating them for copying, the disclosing Party need not mark the documents in advance of any such inspection. For purposes of the inspection, and any subsequent inspection of the original documents, all documents produced for inspection shall be deemed to be designated as Confidential Information. Thereafter, upon selection of specified documents for copying by the receiving Party, the disclosing Party may make the appropriate confidentiality designation at the time the copies are produced to the receiving Party.

**(f)** In the event that non-parties produce documents or information in connection with this action, and to the extent those documents or information contain information of a Party which may be deemed Confidential Information under this Protective Order, then that Party may designate such documents or information containing the confidential information of the Party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" within 30 days of receipt of said documents and/or information by providing written notice to the other Parties.

**(g)** Confidential Information shall be used solely for purposes of prosecuting or defending the claims, counterclaims, third-party claims and defenses assert in this action and for no other purpose.

**3. Protection of Confidential Material**. Except as is otherwise agreed by the disclosing Party, the Parties shall not disclose information marked as "CONFIDENTIAL" to anyone other than a "*Qualified Person*." As used in this Protective Order, the term "*Qualified Person*" refers to:

\ \ \

**(a)** Each Party's in-house counsel, if any ("***In-house Counsel***"). Each Party's outside counsel and their outside counsel's employees and staff ("***Outside Counsel***") (In-house Counsel and Outside Counsel shall be collectively referred to as "***Counsel***").

**(b)** Third-party copy services whose sole function and involvement is to obtain documents, reproduce those documents for the Parties, and return the original and all copies to the respective parties; provided that the Copy Services do not retain any electronic or hard copies of any of the documents ("***Copy Services***").

**(c)** Third-party services who are appointed, by order of the Court or by agreement of the Parties, to act as a depository for documents, materials and other discovery items; provided that the Depositories are not allowed to release any of the documents, materials and other discovery items to non-parties and further provided that the Depositories will return all documents, materials and other discovery items to the depositing Parties at the conclusion of the lawsuit ("***Depositories***").

**(d)** Consultants and/or experts retained for the purpose of assisting the Counsel in this litigation, provided said individuals execute the undertaking attached hereto as Exhibit "A" ("***Consultants***" and "***Experts***").

**(e)** Party representatives who are: (i) actively engaged in assisting Counsel with the prosecution or defense of this action; or (ii) who are being advised by the Counsel regarding these actions and the particular disclosure is reasonably necessary with regard to the legal advice being rendered; provided, however, that said Party representatives execute the undertaking attached hereto as Exhibit "A" ("***Party Representatives***").

**(f)** Any person whose deposition is taken in this action and their attorney provided, however, that Confidential Information may only be shown to said deponent and their attorney to the extent Confidential Information is used as a deposition exhibit; and provided further that no Deponent shall be allowed to obtain a copy of Confidential Information at the conclusion of their deposition without the express written consent of the designating Party; and provided further that the portion of the deposition transcript which discusses the Confidential Information as well as all Confidential Information attached as

exhibits shall be designated "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEYS EYES ONLY" as the case may be, and shall be subject to the terms of this Protective Order ("***Deponents***").

**(g)** Any other person or entity as to whom Counsel for the disclosing Party agree in writing or whom the Court directs shall have access to such Confidential Information ("***Stipulated Non-Parties***"); and

**(h)** the Court and Court personnel, including without limitation, court reporters, stenographic reporters, court appointed Special Masters, and jurors, or alternates ("***Court Personnel***").

Except as is otherwise agreed by the disclosing Party, the Parties shall not disclose information marked as "**CONFIDENTIAL - ATTORNEY'S EYES ONLY**" to anyone other than the following subset of "Qualified Persons": Outside Counsel, Copy Services, Depositories, Consultants, Experts, Deponents, Stipulated Non-Parties and Court Personnel; provided that, with respect to Consultants and Experts, said Consultants and Experts execute the undertaking attached hereto as Exhibit "A".

Prior to disclosing any Confidential Information marked as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" to Experts or Consultants pursuant to this paragraph, Counsel for the Party desiring to utilize the Expert or Consultant shall determine that (i) disclosure to the Expert or Consultant of the Confidential Information is, in that Counsel's good faith judgment, necessary to his or her client's prosecution or defense of the case, (ii) the Expert or Consultant is not, and is not believed to have intention to become affiliated with or employed by any Party or competitor or any Party in this case and (iii) counsel has formed a good faith and informed belief that the individual has not previously violated any confidentiality agreement or order and is not likely to violate the terms of this Protective Order. Nothing in this Protective Order shall restrict the use or disclosure of Confidential Information by the Party who disclosed it.

**4.** **Control of Documents**. Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of Confidential Information pursuant to the terms of this Protective Order.

**(a) Acknowledgment**. Counsel shall maintain the forms signed by persons acknowledging their obligations under this Protective Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom and shall provide a copy of all such signed acknowledgments to all other Parties at the close of expert discovery.

**(b) Copies**. Prior to production to another Party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" under this Protective Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Protective Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**(c) Inadvertent Production**. Inadvertent production of any document or information without a designation of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall not be deemed a waiver or an impairment of any claim of confidentiality, provided that the disclosing Party promptly notifies the other Parties of the inadvertent production after the disclosing Party becomes aware of the production.

**(d) Disclosures to Third-Parties**. Notwithstanding anything to the contrary herein, this Protective Order shall not prohibit any disclosure of Confidential Information if required by law to other persons, provided that the Parties comply with the terms of this Protective Order. Confidential Information may also be disclosed upon the written agreement of the disclosing Party or upon order of a court of competent jurisdiction after notice to all other Parties. In the event that a Party or non-party who has signed the undertaking attached as Exhibit "A" receives a discovery request, subpoena, order or other form of compulsory process from a non-party ("***Discovery Demand***") requiring that it (the "***Subpoenaed Party***") produce information,

documents, things or other materials that have been designated as Confidential Information, the Subpoenaed Party shall (a) within three (3) business days notify the disclosing Party of the Discovery Demand by serving the disclosing Party's Counsel with a copy of the Discovery Demand, and (b) not produce the information sought by the Discovery Demand until the disclosing Party has had five (5) days from the date of receipt of the copy of said Discovery Demand from the Subpoenaed Party to object or take other appropriate steps to protect the Information. If the disclosing Party elects to resist production of the materials, it shall promptly so notify the Subpoenaed Party and the latter shall cooperate in affording the disclosing Party the opportunity to oppose or limit production of the materials; provided that the disclosing Party shall bear all expenses, including attorney fees, incurred by the Subpoenaed Party in connection therewith.

**5.** Filing of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" Documents Under Seal. The Court highly discourages the filing of any pleadings or documents under seal. To the extent that a brief, memorandum or pleading references any document marked as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information

**(a)** Before any document marked as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" is filed under seal with the Clerk, the filing Party shall first consult with the Party that originally designated the document as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" to determine whether, with the consent of that Party, the document or a redacted version of the document may be filed with the Court not under seal.

**(b)** Where agreement is not possible or adequate, before Confidential Information is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER DOCUMENTS", displaying the case name, docket number, a designation of what the document is, the name of the Party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope.

A copy of any document filed under seal shall also be delivered to the judicial officer's chambers and to counsel for all other Parties.

**(c)** To the extent that it is necessary for a Party to discuss the contents of any Confidential Information in a written pleading, then such portion of the pleading may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above. A copy of the unredacted pleading also shall be delivered to the judicial officer's chambers and to counsel for all other Parties.

**(d)** If the Court or a particular judicial officer has developed an alternative method for the electronic filing of documents under seal, then the Parties shall follow this alternative method.

**6.** **Challenges by a Party to Designation as Confidential**. Each Party (the "***Challenging Party***") shall have the right to challenge any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" designation (a "***Challenge***").

(a) Each Challenge shall be in writing, shall identify the specific Information which is being challenged (the "***Challenged Information***") and shall contain a description of basis for each challenge.

(b) The Party designating Information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" has the burden of showing that the Challenged Information deserves the protections afforded with the designation. As such, upon receipt of a Challenge, the designating Party shall have fourteen (14) days from receipt of the Challenge to either resolve the issue with the Challenging Party or to file a motion with the Court seeking a determination that the designation of the Challenged Information is justified.

(c) So long as the designating Party files a motion with the Court, the Challenged Information shall retain all original designations until further order of the Court.

\ \ \

9
*Stipulated Protective Order*
*Case No. 2:19-cv-00021-MMD-CWH*

**(d)** Nothing in this Protective Order shall be deemed to preclude any Party from obtaining, on an appropriate showing, additional protection with respect to the confidentiality of any Information produced in discovery in this action, or other modification of this Protective Order.

**(e)** The entry of this Protective Order shall neither constitute nor be used as a basis for a finding that any Party has waived any objections that it may have to the use, relevance, or admissibility of any Information.

**(f)** Before filing any Challenges or motions with the Court, each Party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving Confidential Information designation as to Information subject to the objection, the designating Party shall serve on all Parties a notice specifying the Information and the nature of the agreement.

**7.** **<u>Action by the Court</u>**. Applications to the Court for an order relating to any documents designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall be by motion and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Protective Order or any action or agreement of a Party under this Protective Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

**8.** **<u>Use of Confidential Documents or Information at Trial</u>**. All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any Party during the trial. If a Party intends to present at trial Confidential Information or information derived therefrom, such Party shall provide advance notice to the other Party at least twenty (20) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

\ \ \

**9.  Obligations on Conclusion of Litigation**.

  **(a)  Order Remains in Effect**.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

  **(b)  Return of Confidential Information**.  Within thirty days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information, including copies as defined in Section 4(b), shall be returned to the producing Party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving Party, that Party elects to destroy the documents and certifies to the producing Party that it has done so.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of the Confidential Information. This work product shall continue to be Confidential Information under this Protective Order.

  **(c)  Return of Documents Filed under Seal**.  After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the Parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**10.  Protective Order Subject to Modification**.  This Protective Order shall be subject to modification by the Court on its own motion or on motion of a Party or any other person with standing concerning the subject matter.

**11.  No Prior Judicial Determination**.  This Protective Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" by counsel or the Parties is subject to protection under the Nevada Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

\ \ \

SMITH & SHAPIRO, PLLC
3333 E. Serene Ave., Suite 130
Henderson, NV 89074
O:(702)318-5033 F:(702)318-5034

**12. Persons Bound**. This Protective Order shall take effect when entered and shall be binding upon all counsel and their law firms, the current Parties and all parties joined hereafter, and persons made subject to this Protective Order by its terms.

IT IS SO STIPULATED.

DATED this 23rd day of May, 2019.

| SMITH & SHAPIRO, PLLC | KOELLER NEBEKER CARLSON & HALUCK, LLP |
|---|---|
| /s/ James E. Shapiro<br>James E. Shapiro, Esq.<br>Nevada Bar No. 7907<br>Sheldon A. Herbert, Esq.<br>Nevada Bar No. 5988<br>3333 E. Serene Ave., Suite 130<br>Henderson, NV 89074<br>*Attorneys for Plaintiff,*<br>*SURE STEEL, INC.* | /s/ Kirk H. Hays<br>Kirk H. Hays, Esq.<br>*Admitted Pro Hac Vice*<br>One East Washington Street, Suite 400<br>Phoenix, AZ 85004<br>*Attorneys for Defendant,*<br>*JACOBS FIELD SERVICES*<br>*NORTH AMERICA, INC.* |

IT IS SO ORDERED.

DATED: May 24, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SURE STEEL, INC., a Utah corporation,<br><br>  Plaintiff,<br>vs.<br><br>JACOBS FIELD SERVICES NORTH AMERICA, INC., a Texas corporation; DOES 1-10, and ROE Entities 1-10, inclusive,<br><br>  Defendants. | CASE NO.:  2:19-cv-00021-MMD-CWH |

**ACKNOWLEDGMENT**

**AND**

**AGREEMENT TO BE BOUND**

I _____, declare under penalty of perjury under the laws of Nevada:

1. My address is: _____

2. My present employer (name and address) is: _____
_____

3. My present occupation and job description is: _____
_____

4. I hereby certify and agree that I have been shown by counsel, read, and understand the terms of the STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION (the "***PROTECTIVE ORDER***") entered in the above captioned case.

5. I agree to be bound by the terms and conditions of the PROTECTIVE ORDER and this undertaking.

\\\\\\

\\\\\\

1

6. I agree that I will not disclose any Information (as that term is defined in the PROTECTIVE ORDER) received by me to any other person or entity, except as expressly permitted by the PROTECTIVE ORDER.

7. I consent to the jurisdiction of the United States District Court, District of Nevada, for purposes of enforcing the PROTECTIVE ORDER and this undertaking.

8. I shall hold in confidence, and shall not disclose to anyone other than those persons specifically authorized by the PROTECTIVE ORDER, and shall not copy or use, any Confidential Information provided me except for purposes directly related to this litigation.

9. I agree and confirm that I shall not use or disclose any Confidential Information received by me in this action for the benefit of myself or any other person or entity, subject to the condition that in any proceeding or action brought against me in which it is alleged that I have violated the terms of this agreement or the PROTECTIVE ORDER in this action, the moving party shall have the burden of proving the elements of liability for any claim arising from or related to the alleged violation of the terms of this agreement or the PROTECTIVE ORDER in this action.

10. I further understand and agree that in a proceeding or action brought against me for willful violation of this undertaking and the PROTECTIVE ORDER, that in addition to any injunctive relief or damages that may be awarded against me in a civil action, the Court may impose an appropriate sanction upon me for willful violation of this undertaking and the protective order(s) entered in this action.

11. I understand that I am to retain all copies of any of the materials I receive which have been designated as Confidential Information (marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY") in a safe and secure location and in a manner consistent with the PROTECTIVE ORDER. All copies of Confidential Information I receive shall remain in my custody until I have completed my duties in this case.

\ \ \

\ \ \

\ \ \

12. All original documents and copies of confidential materials I receive are to be returned to counsel in the action within thirty (30) days of termination of the action (including any appeals), and I shall affirmatively destroy any notes and summaries made of Confidential Information I received.

13. I acknowledge and agree that returning all Confidential Information and destroying all notes or summaries relating thereto at the conclusion of the action shall not relieve me from any of the continuing obligations imposed upon me by the PROTECTIVE ORDER or this undertaking.

DATED this _____ day of _____, 20___.

_____
_____
Print Name

SUBSCRIBED and SWORN to before me

This ___ day of _____, 20___.

_____
Notary Public